**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Domini Alia Ferris, | No. CV-24-00116-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff Domini Alia Ferris' counsel's Motion for Attorney Fees under 42 U.S.C. § 406(b) and Memorandum in support thereof. (Docs. 17, 18). The Commissioner of the Social Security Administration ("Commissioner") filed a response indicating it "neither supports nor opposes Counsel's request for attorney's fees." (Doc. 19 at 3). The Court now rules.

## I.    BACKGROUND

After the Commissioner denied Plaintiff's claim for disability benefits, Plaintiff appealed the Commissioner's decision before this Court. (Doc. 1 at 2). The parties stipulated to remand the action for further administrative proceedings and stipulated that Plaintiff be awarded $2,544.04 under the Equal Access to Justice Act ("EAJA"). (Doc. 12; Doc. 15). Pursuant to those stipulations, the Court: (1) reversed the Commissioner's decision and remanded the case for further proceedings, and (2) awarded Plaintiff's counsel $2,544.04 in EAJA fees. (Doc. 13; Doc. 16).

On remand, an Administrative Law Judge ("ALJ") found Plaintiff was entitled to

Social Security disability benefits beginning in June 2020. (Doc. 18-1 at 4). The Commissioner issued a Notice of Award stating that $25,920.50 had been withheld for payment of attorney fees. (Doc. 18-1 at 5 (stating the Commissioner "usually withhold[s] 25 percent of past-due benefits" and had withheld $25,920.50)).

Plaintiff's counsel now seeks a fee award of $15,000 pursuant to 42 U.S.C. § 1406(b). (Doc. 17 at 1).

## II.     LEGAL STANDARD

A court entering judgment in favor of a Social Security claimant represented by counsel "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Though "[t]he statute does not specify how courts should determine whether a requested fee is reasonable," *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009), the Supreme Court has made clear that the first step is to respect "the primacy of lawful attorney-client fee agreements," *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002). A court may deviate downward from a requested fee award "if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Crawford*, 586 F.3d at 1151. "Because the [Commissioner] has no direct interest" in how the award is apportioned between client and counsel, district courts must independently "assure that the reasonableness of the fee is established." *Id.* at 1149.

In determining whether fees sought under § 406(b) are reasonable, the Court considers the contingent-fee agreement, the character of the attorney's representation, and the achieved result. *Gisbrecht*, 535 U.S. at 808. Although not controlling, courts may also consider the number of hours spent representing the claimant and the attorney's normal hourly billing rate for non-contingent-fee cases in determining reasonableness. *Id.* at 808–09. Finally, if a claimant's attorney receives fees under both the EAJA and § 406(b), the attorney must "refund to the claimant the amount of the smaller fee." *Id.* at 796 (citation omitted).

### III.   DISCUSSION

Plaintiff contracted to pay 25% of her past-due benefits on a contingent fee basis for work performed by her counsel in this action. (Doc. 18-2). The Commissioner set aside $25,920.50 for attorney fees and Counsel requests a portion of this amount— $15,000— in fees under 42 U.S.C. § 406(b). Counsel's itemization of services indicates 10.4 hours of services rendered, which equates to a rate of $1,442.30 per hour ($15,000/10.4 hours). (Doc. 18-3 at 2). If awarded the requested attorney fees under § 406(b), Counsel will reimburse Plaintiff the $2,544.04 EAJA fee award. Counsel thus seeks net attorney fees in the amount of $12,455.96 or $1,197.69 per hour, which is on the high end of effective hourly rates that have been previously approved in this Circuit. *See Young v. Colvin*, No. CV-11-538-PHX-SMM, 2014 WL 590335, at *2 (D. Ariz. Feb. 14, 2014) (citing *Crawford*, 586 F.3d at 1153) (noting approval of effective hourly rates of $519, $875, and $902); *see also Hopkins v. Comm'r of Soc. Sec. Admin.*, No. CV-18-08129-PCT-DGC, 2024 WL 3010939, at *1 (D. Ariz. June 14, 2024) (effective hourly rate of $231.94); *Mize v. Comm'r of Soc. Sec. Admin.*, No. CV-21-00330-TUC-JGZ, 2024 WL 3951986, at *2 (D. Ariz. Aug. 27, 2024) (effective hourly rate of $350.79).

However, the $1,197.69 net rate is still within the range of reasonableness. *See Williams v. Comm'r of Soc. Sec. Admin.*, No. CV-20-00136-PHX-JAT, 2025 WL 1342821, at *2 (D. Ariz. May 8, 2025) (approving an effective hourly rate of $1,482.05); *see also Roegner v. Comm'r of Soc. Sec. Admin.*, No. CV-20-01974-PHX-DLR, 2024 WL 5106647, at *1 (D. Ariz. Dec. 13, 2024) (approving an effective hourly rate of $1,912.35); *McCabe v. Comm'r of Soc. Sec. Admin.*, No. CV-22-00192-PHX-DLR, 2025 WL 460744, at *1 (D. Ariz. Feb. 11, 2025) (approving an effective hourly rate of $1,513.51).

Furthermore, upon review of the record, the Court finds no indication that Counsel engaged in any substandard performance or undue delay in prosecuting Plaintiff's case. Indeed, through Counsel's efforts, Plaintiff was awarded all benefits for which she applied. The Court also acknowledges the inherent risk of loss that attaches to contingent-based representation and the fact that Counsel has requested a fee considerably less than the 25%

maximum amount authorized by § 406(b). Accordingly, the Court concludes that a fee award of $15,000 is reasonable and will approve an award in this amount.

Because Plaintiff's counsel "must refund to the claimant the amount of the smaller fee [between the attorney fees payable under both the EAJA and § 406(b)]," *Gisbrecht*, 535 U.S. at 796, the Court will order Plaintiff's counsel to refund the $2,544.04 EAJA award to Plaintiff upon Plaintiff's counsel's receipt of the attorney fees awarded by this Order.

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's counsel's Motion for Attorney Fees under 42 U.S.C. § 406(b)(1)(A), (Doc. 23), is **GRANTED** in the amount of $15,000.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall, after receipt of the above-awarded fee, refund to Plaintiff the fee previously awarded under the EAJA, in the amount of $2,544.04.

Dated this 30th day of March, 2026.

James A. Teilborg
Senior United States District Judge